

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-3174

Re: Must a non-resident whose motor vehicle
is registered in California obtain a
Texas Certificate to Title before he
may register his motor vehicle in Texas?

We are in receipt of your letter of February 15, 1941, in which you request the opinion of this department in answer to the following question:

"A resident of California moved to Texas and while living in California he was the owner of a motor vehicle and a certain bank in the State of California had a lien against said motor vehicle . This individual has a California Certificate of Title on his motor vehicle which certificate shows the existing California lien, and under the California Certifcate of Title Law the lien holder holds the original California certificate. This individual now desires to register his motor vehicle in the State of Texas.

"The question presented is whether or not it is necessary that said individual obtain a Texas Certificate of Title before he may register said motor vehicle in Texas."

Article 6675a-2 of Vernon's Annotated Civil Statutes reads in part as follows:

"Every owner of a motor vehicle, trailer, or semitrailer used or to be used upon the public highways of this State, and each chauffeur shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him. . ."

In your fact situation you state that this individual desires to register his motor vehicle in Texas. You are advised that he should be allowed to so register his motor vehicle despite the fact that he has a California Certificate of Title on his motor vehicle and does not have a Texas Cerifiicate of Title. In Opinion No. O-3154 this department ruled as follows:

"The Texas Certificate of Title Act is contained in Vernon's
Annotated Penal Code of Texas and designated Article 1436-1,
Section 63 (b) reads as follows:

"'The department or any agent thereof, shall not after
the first of January, 1942, register or renew the registration
of any motor vehicle, unless and until the owner thereof
shall make application for and be granted an official
certificate of title for such vehicle or present satisfactory
evidence  that a cerificate of title for such vehicle has
been previously issued to such owner by the Department.
Provided, however, this shall not apply to automobiles which
were purchased new prior to January 1, 1936.'

"Since the above section, by its own terms, does not become
operative until January 1, 1942, the clear inference is
that neither the Department of Public Safety nor any
of its agents, shall require, prior to January 1, 1942,
that application for and granting of an official certificate
of title be made before  the vehicle is registered. . . ."

You  are advised, therefore, that it is not necessary for the individual in
question to obtain a Texas Certificate of Title on his motor vehicle before
registering the same in this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Billy Goldberg


By

Billy Goldberg
Assistant


BG:eaw:jrb: co: ldw

APPROVED MAR. 7, 1941
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN

O.K. GRL